UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-81336-RLR

HOWARD COHAN,

    Plaintiff,

vs.

WELLINGTON EATS, LLC
a Florida Limited Liability Company
d/b/a MOE'S SOUTHWEST GRILL

    Defendant(s).
_____/

## ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT

This cause is before this Court pursuant to Plaintiff's Motion for Entry of Final Default Judgment [D.E 12] filed on February 7, 2023. Plaintiff relies upon the record of this case, the Declaration submitted and an Affidavit of Time and Costs. Defendant, WELLINGTON EATS, LLC a Florida Limited Liability Company, d/b/a MOE'S SOUTHWEST GRILL ("Defendant"), failed to plead or otherwise defend in this action, resulting in a Clerk's Default being entered against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [D.E. 9]. For reasons stated below, Plaintiff's Motion is granted in part.

**I.**    **Case Procedure.**

1.    This action was commenced against Defendant on or about September 27, 2023, when Plaintiff filed a Complaint against Defendant. [D.E. 1]

2.    On October 5, 2023, Defendant was served with the summons and Complaint. [D.E. 6]

1

3. More than twenty-one (21) days elapsed since the date upon which service of the Summons and Complaint was effectuated.

4. Neither Plaintiff nor the Court granted Defendant any extension of time to respond to the Complaint.

5. Defendant failed to answer or otherwise respond to the Complaint or serve a copy of any answer or other response upon Plaintiff's attorneys of record.

6. On November 6, 2023, Plaintiff filed a Motion for Clerk's Default and served a copy of said Motion upon Defendant's Registered Agent. [D.E. 8]

7. The Court Clerk entered default against Defendant on November 6, 2023. [D.E. 9]

8. Defendant has not contacted undersigned counsel or taken any steps to set aside the Clerk's Default.

9. Based on the above, Plaintiff respectfully requests that a Final Default Judgment be entered against Defendant.

**II.     Factual History**

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. Defendant is the lessee, operator, owner and/or lessor of the real property that is subject to this suit, and is located at 2605 S State Rd 7, Wellington, FL 33414 ("Premises") and is the owner of the improvements where the Premises is located. The Premises consists of a restaurant, to wit: WELLINGTON EATS, LLC and qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's visit to the Premises on June 9, 2023 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA. While at the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide fully

accessible restrooms and fully accessible service and eating areas ("Violations"). The specific Violations as alleged in the Complaint are as follows:

**Outdoor Seating**
a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
b. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Indoor Restaurant Seating**
c. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
d. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.
e. Failure to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

**Men's Restroom**
f. Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6.
g. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)
h. Failure to provide the correct spacing for a forward or parallel approach to an element due to a wall or some other obstruction in violation of 2010 ADAAG §§ 305 and 306. (trash can)
i. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.
j. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.
k. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
l. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2.

Plaintiff intends to return to and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and

3

refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violations that exist at the Premises was done in violation of the ADA and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

### III. Legal Standard.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (*citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id*. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

### IV. Discussion.

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here,

Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 6]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operates a place of public accommodation. [D.E. 1 at ¶ 4]. Here, Defendant is operating a place of public accommodation, as the Premises is used as a hotel, and thus Defendant was required to rectify the Violations and maintain the Premises in compliance with the ADA. *See* 42 U.S.C. §1281(7)(A).  Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 1 at ¶¶ 27 and 28]. Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. *Stringham v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (citing *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001).  Here, Plaintiff alleges that if Defendant modifies the Premises to comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 7 through 13]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶ 7 through 13]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff is clearly entitled to the relief sought.

**V.     Damages**

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations at said Premises so that the Premises are in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendant to alter the Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of Six Thousand Three Hundred and Thirty-Four Dollars and Twenty-Five Cents ($6,334.25). As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

**It is ORDERED and ADJUDGED**, that:

1. Plaintiffs Motion for Default Final Judgment is GRANTED IN PART. The Court will enter final default judgment in favor of Plaintiff by separate order. The Plaintiff shall submit a proposed final judgment in Microsoft Word format to rosenberg@flsd.uscourts.gov within three days of the date of rendition of this Order.

2. The Plaintiff shall file any motions for attorney's fees or costs separately. This Order does not grant any attorney's fees or costs.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 22nd day of January, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE